IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION

AUTOMOBILE MECHANICS LOCAL )
701 WELFARE AND PENSION FUNDS )
AND UNITED MECHANICS AND )
AEROSPACE WORKERS, AFL-CIO, )
            )
    Plainffs,     )  09 CV 7896
vs.            )  Hon. Samuel Der-Yeghian
            )  Rm. 1903
CHICAGOLAND AUTO SALES, INC., )
            )
    Defendant.    )

**PLAINTIFFS'MOTION FOR DEFAULT
AND TURNOVER ORDER**

Plaintiffs, the AUTOMOBILE MECHANICS LOCAL 701 WELFARE AND PENSION FUNDS AND UNITED MECHANICS AND AEROSPACE WORKERS, AFL-CIO, by and through their attorneys, move as followsL

**1. The Nature of the Claims and Counter-Claims**

1.This is a lawsuit brought to collect fringe benefits under ERISA, 29 U.S.C. § 1132(g) and under the Taft-Harley Act, 29 U.S.C. § 141 *et. seq.*

2. It is brought as a suit to collect unpaid fringe benefit contributions due the members of local 701 of the Automobile Mechanics Union and their beneficiaries for health insurance and pension benefits, contributions agreed to by the defendant who is a member of the Chicago Automobile Trade Association (CATA).

3. CATA negotiates the wage and fringe benefit package for its members with the local union and CATA members agree in advance to abide by whatever terms and conditions CATA negotiates on their behalf. It is alleged that in violation of the collective bargaining agreement negotiated by CATA and the local union, defendant has failed to make proper fringe benefit

1

contributions to the plaintiff funds thus depriving the union members and their families of health insurance coverage and depriving the members of pension contributions and benefits.

4.As the defendant has not appeared or answered there are no counter-claims.

5.Also, since the plaintiffs know that defendant has failed to make proper fringe benefit contributions in recent months, as part of this lawsuit, the plaintiffs are asking this court to order the defendant to permit an audit of its books and records to see if they have been properly reporting the fringe benefits they admit they owe over the past few years.

6. Their obligation to submit to an audit stems from both the collective bargaining agreement and the trust declarations governing the funds which have been agreed upon by the equal number of labor and management trustees who govern the fringe benefit trusts under the Taft-Hartley law.

7. Under ERISA, an employer cannot discriminate against its employees who do the same classification of work so regardless of whether defendant's mechanics are members of the union or not, all of its mechanics who work full time, under ERISA have to be given the same benefits negotiated and agreed to under the collective bargaining agreement.

**2. Relief Sought by the Plaintiffs**

8. The plaintiff funds seek all unpaid and required to be paid fringe benefit contributions due the funds on behalf of the beneficiaries and their members. They also seek an audit of defendant's records to make sure they have been properly reporting on the employees for which they have been making fringe benefit contributions.

9. Because they have had to bring this lawsuit, they also see ERSIA, statutory penalties including a 20% penalty on what is owed if anything, plus costs and attorney's fees under 29 U.S.C. § 1132(g).

10. All defendants were served on January 19, 2010 and their answer or responsive pleadings were due on February 9, 2010. They are in default.

### 3. Principal Legal Issues

11. There really should not be any legal issue over whether the defendant is bound by the collective agreement. They signed it and it is still in effect.

12. There should be no legal issue as to whether they owe contributions if contributions have not been paid. If they owe the money they owe the money plus penalties.

13. The only possible excuse they could come up with is that they paid it, or that any individual on which the union claims benefits are owed is either someone who is not a member of the union, and at the time in question either was not doing bargaining unit work for more than 50% of his time, or he was working outside of the jurisdiction where there was no reciprocity agreement.

### 4. Principal Fact Issues

14. Did defendant pay all fringe benefits due and did they pay on all individuals doing bargaining unit work. Did they pay in a timely fashion.

### 5. Relief Sought in This Motion

15. As defendant is in default, plaintiffs seek an order holding defendant in default in the amount sought in the complaint of $28, 727.00 per the affidavit of plaintiffs' Chief Financial Officer, attached hereto as Exh. A.

16. Plaintiffs further seek a 20% penalty on that amount per ERISA, 29 U.S.C. § 11321(g).

17. Plaintiffs further seek an immediate turn-over order of all of the defendant's books and records to permit a proper audit to determine if defendant has been properly reporting its fringe benefit obligations for the last three years.

WHEREFORE, plaintiffs seek the relief requested above.

**Respectfully Submitted**
**AUTOMOBILE MECHANICS**
**LOCAL 701 et al**

**L. Steven Platt**
**ARNOLD and KADJAN**
**19 W. Jackson, 3rd Flr.**
**Chicago, IL 60604**
**(312) 236-0415**
**(312_341-0438 –fax**
**lsplatt@arnoldandkadjan.com**

# **Declaration of Paul Neumann**

Declaration of Paul Neumann, pursuant to the federal rules and civil practice act, the laws of the State of Illinois and under penalty of perjury.

1. I am the Chief Financial Officer of the Automobile Mechanics Local 701 Pension and Welfare Funds administered in Countryside, Illinois.

2. At my direction and instructions, my staff keeps track of fringe benefit contributions and delinquent fringe benefit contributions of signatory employers to the funds.

3. Based on the contribution history and list of employees normally employed by Greater Chicago Land Auto Sales, for the month of August, 2009, our office shows the defendant in this case owing $20, 317.00 in unpaid welfare fund benefits, and $8,410 in unpaid pension benefits.

4. These amounts include amounts due for an employee by the name of "R. Shelton" and for the wife of the owner.

5. While we have no way of knowing exactly what they owe beyond that date, based on my experience and based on their reporting history there is a good chance they owe substantially more than the amounts I have indicated here.

6. We made several demands for payment of these amounts and they didn't pay us.

I declare these statements to be true and correct to the best of my knowledge and ability and subject to the laws of the state of Illinois and subject to the laws of perjury.

Date: Februayr 23, 2010       ____/s/__Paul Neumann_____